# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-03122-PAB-BNB

FELICIA GALYAS,

Plaintiff,

v.

LOCKHEED MARTIN CORP., d/b/a LOCKHEED MARTIN SPACE SYSTEMS,

Defendant.

## STIPULATED PROTECTIVE ORDER

Upon consideration of the Motion for Entry of Stipulated Protective Order submitted by Plaintiff Felicia Galyas and Defendant Lockheed Martin Corp., d/b/a Lockheed Martin Space Systems (collectively, the "Parties"), and it appearing to the Court that sufficient cause exists under FED. R. CIV. P. 26(c) for the issuance of a Protective Order, it is ORDERED as follows:

1. In this action, at least one of the Parties has sought and/or may seek Confidential Information ~~(as defined in paragraph 2 below)~~. The Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions or in written discovery requests. The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests.

2. "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom—not made available to the public—and designated by one of the Parties in the manner provided in paragraph 3 below**, that is confidential an implicates common law or statutory privacy interests.** ~~as including, but not limited to, information relating to current or former employees of Defendant; information relating to salary,~~

~~benefits, other compensation, and all other confidential information maintained in personnel and benefits files or communicated to former and current employees of the Defendant; and information concerning proprietary matters, including but not limited to, the Defendant's business plans, customer accounts, customer names, financial data and strategic initiatives.~~

3. Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

    a. By imprinting the word "Confidential" on the first page or cover of any document produced;

    b. By imprinting the word "Confidential" next to or above any response to a discovery request; and

    c. With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than ten (10) calendar days after receipt of the transcribed testimony.

4. All Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

    a. It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

    b. It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of Exhibit A has been signed.

5. All Confidential Information disclosed or produced in discovery should be disclosed or produced in a manner consistent with FED. R. CIV. P. 5.2.

6. Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

7. The Party who discloses Confidential Information to a third party shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall obtain and retain the original affidavits signed by qualified recipients of Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed. However, disclosure to any legal assistants of counsel of record, attorneys associated with counsel of record, and any other employees of counsel of record under normal office procedure shall not require an affidavit from such person(s) or inclusion of such names on the list required by this paragraph.

8. During the pendency of this action, a Party who produced Confidential Information may request to inspect the list maintained pursuant to paragraph 7 by the Party who received the Confidential Information above upon a showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information. If the Party to whom the request is made disagrees with the showing of substantial need or fails to produce the list for inspection within ten days of a written request, the Party requesting the right to inspect the list may seek a Court order requiring inspection under terms and conditions deemed appropriate by the Court.

9. No copies of Confidential Information shall be made except by or on behalf of the Parties' counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

10. During the pendency of this litigation, the Parties' counsel shall retain custody of Confidential Information, and copies made therefrom pursuant to paragraph 9 above.

11. **A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential and shall not thereafter be treated as Confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential.** ~~If a Party objects to the other Party's designation of certain information as Confidential Information, the objecting Party shall promptly inform the other Party in writing of the specific grounds of objection to the designation. The Parties' counsel shall then, in good faith and on an informal basis, attempt to~~

~~resolve such dispute.  If after such good faith attempt, the Parties are unable to resolve their dispute, the Party objecting to the confidential designation may move for a disclosure order consistent with this order.  Any motion for disclosure shall be filed within fourteen days of producing Party's refusal to remove the confidential designation.  The information shall continue to have Confidential Information status from the time it is produced until the ruling by the Court on the motion.~~

12. In the event Confidential Information is used in any court filing or proceeding in this action, ~~including but not limited to its use at trial,~~ it shall not lose its confidential status as between the Parties through such use.  Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, however, except by Court order issued upon motion of the Party seeking to file the documents under seal.  Any motion requesting leave to file documents under seal shall comply with the requirements of D.C.COLO.LCivR 7.2 ~~and 7.3 and demonstrate that the Confidential Information at issue is entitled to protection under the standards articulated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-602 (1978) (applied in *United States v. Hickey,* 767 F.2d 705, 708 (10th Cir. 1985) and *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980))~~.

13. The termination of this action shall not relieve the Parties or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

14. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

15. Upon termination of this litigation, including any appeals, each Party shall immediately return to the producing Party all Confidential Information provided subject to this Protective Order, and all extracts, abstracts, charts, summaries, notes or copies made therefrom that is not subject to the attorney-client privilege or the work-product doctrine, or shall provide the producing Party with an affidavit from the receiving Party's counsel confirming that these materials have been destroyed.  Each Party's counsel shall be permitted to keep one copy for its files of any work product that may contain or reference Confidential Information for a period of up to three years after a final dismissal of the litigation, including all appeals.  Such copies shall be kept in a confidential manner and the Confidential Information shall retain its confidential status and not be used for any purpose other than this litigation or defense of counsel's actions in this litigation.

16. The Parties shall familiarize themselves with and comply with the provisions of FED. R. CIV. P. 26(c)(b)(5)(B) regarding the inadvertent production of privileged communications or work product.

17. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under FED. R. CIV. P. 26(c), or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

Dated June 6, 2011.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

STIPULATED AND AGREED BY:


CARL M. VARADY


By:   *s/ Carl M. Varady*
      Carl M. Varady
      1001 Bishop Street
      Suite 2870
      Honolulu, HI  96813
      Tel:  808-523-8447
      Fax:  808-523-8448
      carl@varadylaw.com

      *Attorneys for Plaintiff Felicia Galyas*


HUSCH BLACKWELL LLP


By:   *s/ Mary Hurley Stuart*
      Mary Hurley Stuart
      Jason R. Prussman
      1700 Lincoln, Suite 4700
      Denver, CO 80203
      Tel:  (303) 749-7200
      Fax:  (303-749-7272
      Mary.Stuart@huschblackwell.com
      Jason.Prussman@huschblackwell.com

      *Attorneys for Defendant Lockheed Martin Corp.*
      *d/b/a Lockheed Martin Space Systems*

## EXHIBIT A

## **AFFIDAVIT**

STATE OF _____  )
                            ) ss.
COUNTY OF _____  )

_____, swears or affirms and states under penalty of perjury:

     1.    I have read the Protective Order in *Felicia Galyas v. Lockheed Martin Corp. d/b/a Lockheed Martin Space Systems*, a copy of which is attached to this Affidavit.

     2.    I have been informed by _____ _____, Esq., counsel for _____, that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

     3.    I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order.  I will not use the Confidential Information for any purpose other than this litigation.

     4.    For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

     5.    I will abide by the terms of the Protective Order.

_____
(Signature)

_____
(Print or Type Name)

Address:

_____

_____

Telephone No.:  (\_\_\_) _____

SUBSCRIBED AND SWORN to before me this _____ day of _____, 20\_\_, by _____.

WITNESS my hand and official seal.

_____
Notary. Public

[S E A L]         My Commission Expires: _____