IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-03122-PAB-BNB

FELICIA GALYAS,

Plaintiff,

v.

LOCKHEED MARTIN CORP., d/b/a LOCKHEED MARTIN SPACE SYSTEMS,

Defendant.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter arises on the **Motion to Intervene** [Doc. # 11, filed 5/27/2011] by Joseph Galyas.  I respectfully RECOMMEND that the Motion to Intervene be DENIED.

Mr. Galyas seeks to intervene here, arguing that he "was the Respondent in the state action of Dissolution of Marriage in Arapahoe district Court Case # 10DR2251"; "[t]he claim in federal court occurred during the marriage itself is marital property subject to division"; and "[i]n the permanent orders, the [state] trial court mistakenly failed to make this finding of marital property and that case will be appealed. . . ."  Motion to Intervene [Doc. # 11] at ¶¶3, 5-6.

The plaintiff states that the state trial judge "rejected Mr. Galyas assertion" that the cause of action asserted here is marital property subject to division and, instead, specifically ruled that "the claims in the instant action were not 'marital property subject to division.'"  Plaintiff's Opposition [Doc. # 20] at p. 2.  At the hearing on the Motion to Intervene, Mr. Galyas conceded that the plaintiff's explanation of the ruling by the state district judge is accurate.

I find that this court should invoke the discretionary abstention doctrine articulated by the

United States Supreme Court in <u>Colorado River Water Conservation Dist. v. United Stated</u>, 424 U.S. 800 (1976). The Tenth Circuit Court of Appeals has described <u>Colorado River</u> abstention as follows:

> <u>Colorado River</u> . . . announced an abstention doctrine for use in limited situations in which state and federal courts exercise concurrent jurisdiction simultaneously. Although a pending action in a state court does no bar proceedings involving the same matter in a federal court, "exceptional" circumstances do exist that permit the federal court to abstain to the state court.

<u>Burnett v. Physician's Online, Inc.</u>, 99 F.3d 72, 76 (10th Cir. 1996).

In determining the applicability of <u>Colorado River</u> abstention, a court is to consider six factors: (1) the assumption of jurisdiction by either court over any res or property; (2) the inconvenience of the federal forum; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether state or federal law supplies the rule of decision; and (6) whether the state court proceeding will adequately protect the rights of the party seeking to invoke federal jurisdiction. <u>Id.</u> In addition, <u>Colorado River</u> abstention is limited as follows:

> [Abstention] is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest.

<u>Colorado River</u>, 424 U.S. at 813.

Applying the six factor test, I am persuaded that abstention is appropriate here, for the following reasons:

(1) The state court has assumed jurisdiction over the marital estate through the divorce action;

(2) The state and federal courts are of equal physical convenience to the parties, but relitigating an issue in a second forum creates inconvenience to the plaintiff;

(3) The entirety of the issue of the composition of the marital estate and how it should be divided is before the state court. There is no reason that the single issue of this asset should be separately litigated here;

(4) Jurisdiction was first obtained in the state court, and that court has issued final orders. By contrast, this action is just beginning, and the scheduling conference occurred today;

(5) State law supplies the rule of decision, and the State of Colorado has a compelling interest in overseeing the development of its domestic relations law; and

(6) The state court proceedings will adequately protect Mr. Galyas' rights. In fact, he concedes his intention to appeal the state district court's ruling.

I respectfully RECOMMEND that this court abstain from considering Mr. Galyas' rights in favor of rulings by the Colorado state courts administering the divorce which arguably gives rise to his request to intervene and that the Motion to Intervene [Doc. # 11] be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for

appellate review.  <u>United States v. One Parcel of Real Property</u>, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated June 14, 2011.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge