IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-03122-PAB-BNB

FELICIA GALYAS,

    Plaintiff,

v.

LOCKHEED MARTIN CORP.,
d/b/a Lockheed Martin Space Systems,

    Defendant.
_____

**ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION**
_____

This matter is before the Court on the Recommendation of United States Magistrate Judge Boyd N. Boland filed on June 14, 2011 (the "Recommendation") [Docket No. 21]. Magistrate Judge Boland recommends that the Court deny the motion to intervene pursuant to Federal Rule of Civil Procedure 24(a) [Docket No. 11] filed by Interested Party Joseph Galyas. The Recommendation states that objections to the Recommendation must be filed within fourteen days after its service on the parties. *See also* 28 U.S.C. § 636(b)(1)(C). The Recommendation was served on June 15, 2011. No party has objected to the Recommendation.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party

objects to those findings"). In this matter, I have reviewed the Recommendation to determine whether there is any "clear error on the face of the record."[1] See Fed. R. Civ. P. 72(b), Advisory Committee Notes.

Mr. Galyas contends that plaintiff's claims in this action are marital property in which he has an interest. Mr. Galyas admits that a state court judge has already determined that the claims here are *not* marital property. See Docket No. 11 at 2, ¶ 6 ("In the permanent orders, the trial court mistakenly failed to make this finding of marital property and that case will be appealed as soon as the final orders are written."). To the extent the claims are not marital property, Mr. Galyas has no "interest relating to the property or transaction that is the subject of the action." Fed. R. Civ. P. 24(a)(2). To the extent Mr. Galyas seeks to have the Court overrule the state court's decision that the claims are not marital property, the Court must abstain regardless of whether the state court proceedings are ongoing, see *Younger v. Harris*, 401 U.S. 37 (1971), or have concluded, see *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).[2] Therefore, it is

---

[1] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).

[2] The Recommendation concludes that abstention is appropriate pursuant to *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). It appears, however, that Mr. Galyas is potentially seeking to have the Court overrule a state court decision rather than simply exercise "concurrent jurisdiction simultaneously." *Burnett v. Physician's Online, Inc.*, 99 F.3d 72, 76 (2d Cir. 1996).

**ORDERED** that, for the reasons stated above, the Recommendation of United States Magistrate Judge [Docket No. 21] is accepted to the extent it recommends that the motion to intervene [Docket No. 11] be denied.  It is further

**ORDERED** that the Motion to Intervene [Docket No. 11] filed by Interested Party Joseph Galyas is DENIED.

DATED August 17, 2011.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge